Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Goldstein;<br><br>　　　　Plaintiff,<br><br>v.<br><br>Wayne P. Marsh, P.C., d/b/a Marsh Law Group; Jimmy Bracy; and Jane Doe Bracy;<br><br>　　　　Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt, Defendants intentionally engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff' claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.
4. Plaintiff is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Wayne P. Marsh, P.C. ("Marsh") is an Arizona corporation which does business under the trade name of Marsh Law Group.
7. Marsh is debt collection law firm which collects or attempts to collect debts owed or asserted to be owed or due another.
8. Marsh is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. Defendant Jimmy Bracy is a natural person residing within the state of Arizona.
10. At all times relevant herein, Bracy was employed by Marsh as a debt collector.
11. As part of his employment with Marsh, Bracy collects or attempts to collect debts owed or asserted to be owed or due another.
12. At all times relevant herein, Bracy was acting as a "debt collector" as that term is defined by FDCPA § 1692a(6).
13. As an employee and agent of Marsh, Marsh is liable for the actions

    taken by Bracy in connection with his employment at Marsh as a debt collector.

14. Defendant Jane Doe Bracy is a fictitiously named spouse of Defendant Bracy. Leave to amend the Complaint will be made upon the determination of the true identity of Jane Doe Bracy. All acts of Defendant Bracy were undertaken as agent for, and for the benefit of, his marital community and by reason thereof, the marital community is liable for the conduct of Defendant Bracy as alleged herein.

### IV.  Factual Allegations

15. In or before 2010, Plaintiff defaulted on a personal credit card account with Citibank which was incurred for personal, household or family purposes.

16. Sometime after default, the account was allegedly assigned to Salander Enterprises LLC, a Wisconsin buyer of defaulted debt, or debt buyer.

17. Sometime prior to July 25, 2014, Salander assigned the alleged debt to Marsh for collection purposes.

18. On or about July 25, 2014, Plaintiff received a voice mail message left on his cellular phone from someone identified as "Mr. Masters," legal assistant to the attorney Wayne Marsh of the Marsh Law Group.

19. The July 25, 2014 voice mail message was the first communication received by Plaintiff from Marsh.

20. In the July 25, 2014 voice mail message, Marsh's legal assistant failed to state that the communication was from a debt collector, and that Marsh was attempting to collect a debt as required by 15 U.S.C. § 1692e(11).

1    21.   When Plaintiff heard the voice mail message, he had no idea what the
2          call was concerning.
3    22.   On August 13, 2014, Plaintiff received a second voice mail message
4          left on his cellular phone by "Mr. Masters," legal assistant to the
5          attorney Wayne Marsh of the Marsh Law Group.
6    23.   In the August 13, 2014 voice mail message, Marsh's legal assistant
7          failed to state that the communication was from a debt collector, and
8          that Marsh was attempting to collect a debt as required by 15 U.S.C. §
9          1692e(11).
10   24.   On September 8, 2014, Plaintiff called Marsh to inquire about the two
11         earlier voice mail messages.
12   25.   When Plaintiff called Marsh, he was told that Mr. Masters was no
13         longer employed, and was transferred to Mr. Bracy.
14   26.   During this call, Mr. Bracy told Plaintiff for the first time that the prior
15         messages were concerning the collection of a debt, and that a law suit
16         had now been filed against him to collect the debt.
17   27.   During this call, Mr. Bracy told Plaintiff that the suit was filed by
18         Salander Enterprises, and explained that Salander Enterprises is a
19         group of attorneys who purchase debt, and that they had purchased
20         Plaintiff's Citibank credit card account.
21   28.   Mr. Bracy also stated that Marsh had sent a letter to Plaintiff on July
22         22, 2014.
23   29.   When Plaintiff stated that he had not received any letter from Marsh,
24         and asked that another copy be sent, Mr. Bracy said that all the infor-
25         mation is in the summons and complaint, and Plaintiff can get the

|   |     |                                                                              |
|---|-----|------------------------------------------------------------------------------|
| 1 |     | information there.                                                           |
| 2 | 30. | Mr. Bracy refused to re-send the letter he claimed had been sent to Plaintiff in July 2014. |
| 4 | 31. | During this call, Mr. Bracy also told Plaintiff that if he wanted to resolve the matter, he must do so before he is served with the summons and complaint, because once he is served "we can't resolve it." |
| 7 | 32. | Also during the call, Mr. Bracy repeatedly told Plaintiff that if he wanted to settle the debt, now is the time, because once he is served "we can no longer negotiate settlement." |
| 10 | 33. | Early on in the call, Mr. Bracy told Plaintiff that once he got off the phone, he would email Plaintiff a copy of the summons and complaint. |
| 12 | 34. | Yet, later in the conversation, Mr. Bracy repeatedly told Plaintiff that if he emailed him a copy of the summons and complaint, he would be "served." |
| 15 | 35. | Mr. Bracy also told Plaintiff that if he emailed the summons and complaint to Plaintiff, and Plaintiff reads the email, "then you are served." |
| 18 | 36. | Later the same day, on September 8, 2014 Plaintiff called Marsh and once again spoke with Mr. Bracy. |
| 20 | 37. | During this call, Plaintiff asked Mr. Bracy to email him the summons and complaint as he had previously offered to do. |
| 22 | 38. | Mr. Bracy once again repeatedly told Plaintiff that if he were to send or email the summons and complaint to him, then he would be "served." |
| 24 | 39. | Mr. Bracy refused to email Plaintiff a copy of the summons and complaint, without threatening that to do so would result in Plaintiff being |

- 5 -

1     served.

2 40. When asked again, Mr. Bracy told Plaintiff that he would not email him the summons and complaint unless he agreed that he would pay the entire amount.

41. Throughout this call, Mr. Bracy was very rude, threatening and abusive towards Plaintiff.

42. At no time has Plaintiff received any written communication from Marsh concerning the alleged debt.

43. At the times Mr. Bracy told Plaintiff that emailing the summons and complaint would result in Plaintiff being served, he knew or should have known that these statements were false.

44. As a result of Defendants' actions as outlined above, Plaintiff has suffered damages including, but not limited to, embarrassment, humiliation, anxiety, invasion of privacy, and other emotional distress.

45. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff' rights, and part of Defendants' persistent and routine practice of debt collection.

46. In the alternative, Defendants' actions were negligent.

### V. Causes of Action

### a. Fair Debt Collection Practices Act

47. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

48. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

49. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Costs and reasonable attorney's fees pursuant to the FDCPA; and

d) Such other relief as may be just and proper.

DATED  September 10, 2014  .

      s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff